THE PEOPLE, RESPONDENT, *v.* DÍAZ, APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 447.—Decided May 21, 1913..

EVIDENCE—PROOF OF DEATH OF VICTIM—CIVIL REGISTRY—TESTIMONY OF PHYSI-
CIANS.—According to section 206 of the Penal Code, the testimony of the
physicians who saw the corpse of the victim, identified the same and made
the autopsy thereon is better evidence to prove the death than a certificate
of death from the Civil Registry, section 320 of the Civil Code not being
applicable to the present case.

ID.—IMPERTINENT EVIDENCE—OBJECTION TO EVIDENCE—STRIKING OUT EVIDENCE.—
Without prejudice to the discretional power of courts to strike out impertinent
evidence introduced without objection, a court commits no error in overruling
a motion to strike out such evidence when the motion is based on reasons that
could have been alleged in opposition at the time the evidence was offered.

ID.—CHARGE TO THE JURY.—IMMATERIAL ERRORS.—An inadvertent statement made
by the trial judge in his charge to the jury that "some witnesses" had seen
the accused commit the crime in reality, when only one witness was present
at the commission of the crime, cannot be regarded as an error prejudicial
to the rights of the accused because such statement could not have influenced
the minds of the jurors who heard the testimony of all the witnesses.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* and *Mr. Frank Martínez,* acting *fiscal,* for The People.

*Mr. Herminio Díaz* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant in this case was prosecuted in the District Court of San Juan in Section 2 thereof, by virtue of an infor-

mation presented by the *fiscal* charging him with the commission of voluntary manslaughter alleging that the accused on or about July 9, 1911, in the municipal district of Naranjito illegally and voluntarily and on account of a fight assaulted and caused an injury to Roque Maure, inflicting upon him a wound in the left side of his body by means of a revolver, from which the wounded man died a few hours later. The accused was arraigned October 17, 1911, and pleaded not guilty, requesting a jury trial, which took place on November 14 following; and after hearing the pleadings of the parties, the evidence introduced, the oral arguments of counsel and the charge of the court, the jury returned its verdict finding the defendant, Rafael Díaz, guilty of the crime of voluntary manslaughter with which he had been charged in the information. Thereupon defendant made a motion for a new trial, which was overruled by the court; and, on December 1, 1911, judgment was rendered sentencing the accused, Rafael Díaz, to imprisonment for six years in the penitentiary at hard labor and to the payment of the costs of the prosecution. From this judgment on the same day the defendant, through his counsel, took an appeal to this court.

We find in the record a statement of the case and a bill of exceptions which were approved by the judge of the court below, and also a written brief filed herein by his counsel. In the appellant's brief we find five grounds alleged for the reversal of the judgment rendered against him in the trial court. We will consider them in the order in which they appear in the brief of the appellant.

The first error alleged to have been committed by the trial court is the following:

*The court erred during the trial and in its charge to the jury by construing section 206 of the Penal Code to mean that the fiscal might be permitted to prove the death of the deceased by the testimony of two physicians without previously showing that there was no certificate of the death of*

*deceased in the civil registry, thereby violating section 320
of the Civil Code.*

It is contended by the appellant that according to section
320 of the Civil Code and section 206 of the Penal Code, if
any certificate of death can be procured from a civil regis-
try, it is the best and only evidence of the fact of the death,
and that the testimony of the physicians introduced without
previously showing that the inscription of the death certifi-
cate does not appear in the registry constitutes secondary
evidence and is primarily inadmissible without laying a predi-
cate therefor. The sections quoted from the Civil Code and
from the Penal Code read as follows:

"Section 320 (Civil Code). The records in the registry shall be
evidence of the civil status, and any other evidence can be admitted
only when such records have never existed or the books of the registry
should have disappeared or when a litigation is instituted before the
courts.

"Section 206 (Penal Code). No person can be convicted of mur-
der or manslaughter unless the death of the person alleged to have
been killed, and the fact of the killing by the defendant as alleged,
are established as independent acts; the former by direct proof and
the latter beyond a reasonable doubt."

According to the section of the Penal Code quoted, the
fact that the death had occurred must be shown by direct evi-
dence. This being the case we must inquire whether or not
the testimony of the physicians who saw the corpse of the
deceased and identified the same and made an autopsy upon
it and ascertained the cause of the death is such direct evi-
dence as the statute requires. In our opinion it is, and, more-
over, it is the best evidence, the most satisfactory evidence,
and is entirely conclusive, independent of any certificate from
the civil registry or elsewhere. This we have already decided
in the cases of *The People* v. *Vega,* 15 P. R. R., 317, and *The
People* v. *Rosado,* 17 P. R. R., 417 *et seq.*

Section 206 of our Penal Code, which we have heretofore
quoted and referred to, is similar in its language to section

358 of the Penal Code of Montana and section 181 of the New York Code. The decision of the courts of last resort in the States above referred to agree as to this proposition that when the corpse of the person alleged to have been killed is found and identified, such finding and identification is the best evidence which could be produced to prove his death. *State* v. *Calder,* 23 Mont., 504; *People* v. *Benham,* 160 N. Y., 402, 425; *Bines* v. *States,* 68 L. R. A., 33.

The text writers also support this proposition, as will be seen by consulting Wharton on Homicide, section 589, and Wharton's Criminal Evidence, section 324 *et seq.*

We are clearly of the opinion that section 206 of the Penal Code is the statute which governs in this matter whenever the fact of the death of a person alleged to have been murdered is sought to be shown, and *not* section 320 of the Civil Code; but even should we hold that the latter section is applicable, such a certificate from the registry would not be the only evidence to prove the death, inasmuch as it could be proven by means of any other proper evidence.

The second error which is alleged to have been committed by the trial court in this case is as follows:

*The court erred in admitting as part of the* res gestae *the evidence of the witnesses, Monserrate Díaz, Ramón Rodríguez and José María Figueroa, for the prosecution, who testified that deceased had told them three-quarters of an hour after he was wounded and while at his house, where he had been taken, that it was the defendant who inflicted the wound, such statements not having been made in the presence of the last named.*

It must be observed that whether or not the court committed an error in admitting the statements of the witnesses mentioned, need not be considered on this appeal, because such testimony was received without objection on the part of the defendant at the time it was offered. It is true that after the witnesses had testified upon the facts referred to by the appellant a motion was made to strike from the record that

portion of their statements which was considered as incompetent evidence and the said motion was overruled. In this the court committed no error, because the defendant had the opportunity of making his objections to the questions propounded to the witnesses and to their answers thereto at the time the same was offered and for the same reasons which were alleged in support of the motions, and the objections came too late in the form of a motion to strike out. It is not permitted to the defendant to suffer evidence to be introduced and received without opposition and thereafter to move that the same be stricken from the record for any reason that might have been presented at the proper time. We say this without prejudice to the power of the court in the exercise of its discretion to grant the elimination of alleged objectionable matter. This we have frequently decided. *The People v. Massó,* 18 P. R. R., 523; *The People v. Zambrana,* 18 P. R. R., 732.

The third error complained of as having been committed on the trial of this case is as follows:

*The court erred in weighing the evidence in its charge to the jury, stating categorically that the* fiscal *had proved the death of the deceased and commenting further on the said evidence.*

It does not sufficiently appear from the brief of the appellant in what part of the charge to the jury the error complained of occurs, and we have not been able to ascertain from an examination thereof what particular portion of the instructions might be subject to the objection presented. We have examined the instructions given by the court to the jury, and although they are more elaborate than necessary and probably contain much that might have been omitted, still we can find nothing therein prejudicial to the rights of the defendant, at least of sufficient importance to warrant a reversal of this judgment.

The fourth error complained of, into which the trial court is alleged to have fallen, is as follows:

*The court erred in instructing the jury that some witnesses for the prosecution had seen the accused commit the crime charged, whereas only one witness so testified.*

It appears from the evidence, as is claimed by the appellant, that the only witness who was present at the time the crime is supposed to have been committed was José Antonio Maure, and it was an erroneous statement for the court to make that some witnesses for the prosecution had testified that the accused was the person who fired at Roque Maure, the expression ''some witnesses'' indicating that more than one had given evidence in regard to that fact. However, this expression was merely an inadvertency on the part of the court and could not reasonably have influenced the minds of the jury as to the number of witnesses who had testified to the fact mentioned. The jury heard all the testimony given by all the witnesses and knew perfectly well, the same as the court did, that only one of said witnesses was present when the shot was fired, and we cannot presume that they would admit or consider the erroneous statement of the judge that ''some witnesses'' had testified so and so, to indicate that more than one witness had given evidence on this point. We do not believe the minds of the jurors were influenced prejudicially to the defendant by this inadvertent statement of the court, and the error—being immaterial—will not be considered as sufficient to warrant a reversal. *The People* v. *Lasalle,* 18 P. R. R., 410.

The fifth error alleged to have been committed by the court below is as follows:

*The verdict of the jury is not supported by the evidence.*

In regard to this error we may merely say that the evidence contained in the record is clearly sufficient to support the verdict. The testimony of José Antonio Maure, who was an eye-witness to the facts constituting the crime charged against the appellant, supports the accusation in every material particular. This is enough to prevent the reversal of the judgment. We are therefore constrained to hold that

no material error has been committed by the court below in the trial of this case and the judgment appealed from should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.